# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| THOMAS C. GHEE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:10-0392 |
| v. ) | |
| ) | Judge Nixon |
| BAC HOME LOANS SERVICING, LP, ) | |
| ) | Magistrate Judge Knowles |
| Defendant. ) | |

## JOINT CASE MANAGEMENT ORDER

This case is set for a scheduling conference before Magistrate Judge Knowles on June 14, 2010 at 10:00 a.m. in Courtroom 661, U.S. Courthouse, 801 Broadway, Nashville, Tennessee. Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.01, and the Court's April 19, 2010 Order, plaintiff Thomas C. Ghee, Jr. and defendant BAC Home Loan Servicing, LP, by and through their respective attorneys of record, hereby jointly submit this proposed Case Management Order.

**1. Jurisdiction and Venue**

This Court has jurisdiction under 28 U.S.C. § 1331, 12 U.S.C. § 2614, and 15 U.S.C. § 1692k. The parties do not dispute jurisdiction or venue.

**2. Theories of the parties**

**Plaintiff's Theory**: This is an action for damages pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). RESPA imposes strict duties and requirements on mortgage loan servicers when responding to borrower inquiries, including requirements that mortgage loan servicers promptly respond to written requests for information and/or disputes. 12

U.S.C. § 2605(e). RESPA also prevents the assessment of late fees during the transitioning of a mortgage loan from one servicer to another. 12 U.S.C. § 2605(d). The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses, or abuses any debtor, and any false, deceptive, or misleading statement in connection with the collection of a debt. 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692f, 1692g. Plaintiff seeks recovery from Defendant as a result of its (1) unlawful and improper assessment of late fees within 60 days of acquiring a loan for servicing, (2) failure to communicate and take corrective action regarding a mortgage loan in which Defendant falsely and willfully alleged that payments were past due, and (3) unlawful, harassing, and abusive attempts to collect an alleged debt that was not owed.

Plaintiff seeks statutory damages pursuant to RESPA and FDCPA, actual damages, and an award of attorney's fees and costs.

**Defendant's Theory**: BAC Home Loan Servicing, LP ("Defendant") denies any and all liability in this matter. Defendant is not liable to Plaintiff for any alleged damages under the RESPA or the FDCPA because, simply, neither statute applies here.

RESPA is inapplicable because Defendant did not receive a "qualified written request" from Plaintiff as that term is defined by RESPA. Plaintiff was notified on August 23, 2009, that a "qualified written request" must be sent to a specific address, yet Plaintiff failed to comply with this requirement. Accordingly, Defendant's duties under RESPA were not triggered and Defendant did not violate RESPA as a matter of law.

FDCPA is likewise inapplicable here. In January 2009, Plaintiff entered into a mortgage loan with Taylor, Bean & Whitaker Corp. ("TBW") on property located in Williamson County, Tennessee. In August 2009, Plaintiff was notified that the rights to the servicing of Plaintiff's account under the mortgage were assigned, sold, and transferred to Defendant, and requiring all

payments to be directed to Defendant. Because the mortgage was assigned or transferred to Defendant prior to the August 2009 notice, Defendant became Plaintiff's creditor and thus, falls outside the ambit of the FDCPA, and Defendant is not a "debt collector" as that term is defined in the FDCPA.

Even if Plaintiff's FDCPA claims are not dismissed on the above-stated grounds, Defendant is not liable for alleged violations of the FDCPA pursuant to 15 U.S.C. § 1692k(c), because any alleged violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error. Further, any damages suffered by Plaintiff, if there be any, were caused exclusively by the conduct of TBW, over whom Defendant has no authority or control.

Defendant intends that this synopsis only provide a brief overview of the relevant defenses to be raised by Defendant. Additional assertions and defenses raised by Defendant in its pleadings are hereby incorporated by reference.

**3. Issues Resolved**

The parties do not dispute jurisdiction and venue.

**4. Issues Still in Dispute**

The parties are still in dispute as to liability and damages.

**5. Initial Disclosures**

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures by **June 28, 2010**.

**6. Discovery**

The parties shall complete all written discovery and depose all fact witnesses on or before **October 15, 2010**. Discovery is not stayed during dispositive motions, unless ordered by the court.

No depositions shall be scheduled to occur after the discovery cutoff date. Each side shall be limited to no more than five (5) depositions. Each side shall be limited to no more than twenty-five (25) interrogatories. Each side shall be limited to no more than fifty (50) requests for admission.

All motions, requests for admissions, or other filings that require a response must be filed sufficiently in advance of the discovery cutoff date to enable opposing counsel to respond by the time permitted by the Rules prior to that date.

Discovery-related motions are due on or before October 22, 2010.

No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences.

**7. Joinder of Parties and Motions to Amend**

All motions to amend the pleadings, including motions to add additional parties, to add additional claims, counterclaims, or cross-claims will be filed by **September 1, 2010**.

**8. Disclosure of Experts and Depositions of Expert Witnesses**

The parties do not anticipate the need for experts or expert witnesses in this case.

**9. Dispositive Motions**

The parties shall file all dispositive motions by **November 15, 2010**. Responses to dispositive motions shall be filed within twenty-one (21) days after service. Optional replies shall be filed within fourteen (14) days after service of the response. Briefs shall not exceed 20 pages.

**10. Trial**

This case is set for jury trial on March 15, 2011, at 9:00 a.m. before the Honorable John T. Nixon, to last 1-2 days.  The pretrial conference is set for  March 4, 2011, at 10:00 a.m..

**11. Settlement**

The parties acknowledge that an early settlement in this case may be reached and will continue to discuss settlement

It is so ORDERED.

Entered this the _____ day of _____, 2010.

_____
U.S. MAGISTRATE JUDGE

APPROVED FOR ENTRY:

s/David S. Hagy
David S. Hagy (BPR No. 027003)
Law Office of David S. Hagy, PLC
1507 16th Avenue South
Nashville, Tennessee 37212
Office: (615) 515-7774  Cell: (615) 975-7882
dhagy@hagylaw.com
*Counsel for Plaintiff Thomas C. Ghee, Jr.*

_____

s/Donna L. Roberts_____
Donna L. Roberts (BPR No. 022249)
Corinne E. Martin (BPR No. 028226)
STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, TN  37219
Office: (615) 782-2200 Fax: (615) 742-0714
donna.roberts@stites.com
cmartin@stites.com
*Counsel for Defendant BAC Home Loans Servicing, LP*

_____